990 So.2d 576 (2008)
Carla Lena CYPRESS, Appellant,
v.
Blue Jay JUMPER, Appellee.
No. 4D07-3336.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Rehearing Denied October 8, 2008.
Michael A. Hymowitz of Braverman & Hymowitz, Fort Lauderdale, for appellant.
Mark A. Gatica of Cooke & King, LLLP, Palmetto Bay, for appellee.
PALMER, WILLIAM D., Associate Judge.
In this paternity action, Carla Lena Cypress (mother) appeals the final order entered by the trial court, contending that the trial court erred in not ordering Blue Jay Jumper (father) to pay any child support. Finding no reversible error, we affirm.
The mother and father and their four children are members of the Seminole Tribe of Florida. The mother filed a petition for paternity against the father seeking, among other things, child support for the parties' children. The father responded, contending that the monetary distributions provided by the Seminole Tribe were more than adequate to meet the needs of the children. The record demonstrates that the mother and the father each receive $10,500.00 per month from the Seminole Tribe. In addition, each child receives a monthly payment of $2,625.00, and an additional $7,600.00 is deposited into a trust account for each child, payable when the child turns eighteen years old. In addition, the children receive free medical, dental, vision, and child care from the tribe.
The trial court ruled that the father was not required to make any child support payments to the mother because the children's needs were more than adequately covered by the $2,625.00 that each receives per month from the tribe. The mother challenges this ruling, contending that, although the trial court may deviate from the presumptive child support obligation based upon the factors set forth in section 61.30 of the Florida Statutes, the statutes do not authorize the trial court to entirely relieve financially capable parents of the obligation to support their children. We disagree.
Section 61.30 of the Florida Statutes provides the outline for courts to use in *577 determining each parent's financial obligation to contribute to their children's support. A court may deviate from the presumptive child support obligation based on the factors set forth in the statute, which include: (1) independent income of the child, not to include moneys received by a child from supplemental security income; and (2) any other adjustment which is needed to achieve an equitable result.
We find no abuse of discretion in the trial court's conclusion that the children's needs are being met by the income received by them from the tribe and that, accordingly, an assessment of a child support obligation against the father was unnecessary.
Affirmed.
FARMER and HAZOURI, JJ., concur.